Frank Schoch et al. v. Julius Schoch et al.

1. Refusal to Give Charge as to Testator's Belief in Spiritualism is Proper if all the Facts Proved are not Stated.

    The refusal to charge the jury in a will contest that the belief of the testatrix in spiritualism afforded no ground to set the will aside is not erroneous, where such charge did not present all facts as to her belief and practices as they appeared from the evidence.

2. Testimony as to Declarations by Witness Tending to Show Design to Exercise Undue Influence over Testatrix Admissible.

    In the contest of a will the admission of testimony as to certain declarations on the part of a beneficiary and his wife made prior to the death of the testatrix, for the purpose of showing a design on their part unduly to influence her in their favor in the execution of such will, is not prejudicial error.

3. Admission of Certain Testimony not a Ground for Reversal when Objections Relate Solely to Mode of Proof.

    Where objections to the admission of certain testimony go to the mode of proof rather than to its substance, and it appears that the adverse party was not prejudiced thereby, the admission of such evidence is not reversible error.

Error to Hamilton common pleas court.

**Keam & Keam,** for plaintiffs in error:

Cross-examination of witnesses under Rev. Stat 5243 (Lan. 8752) does not give counsel the right to question his own witness, as if he were the witness of the other party. *Simons* v. *Mooney*, 12 Circ. Dec. 73. (22 R. 271); *Roush* v. *Wensel*, 8 Circ. Dec. 141 (15 R. 133).

The court having given special charges, as requested under Rev. Stat. 5190 (Lan. 8699), must not repeat special charge in general charge, and then proceed to qualify, modify or in any manner to explain the same. *Rupp* v. *Shaffer*, 12 Circ. Dec. 154 (21 R. 643); *Bain*

Schoch v. Schoch.

v. *Wilson,* 10 Ohio St. 14; *Walker* v. *Stetson,* 14 Ohio St. 89 [84 Am. Dec. 362]; *Caldwell* v. *Brown,* 6 Circ. Dec. 694 (9 R. 691); *Lutterbeck* v. *Railway,* 5 Circ. Dec. 141 (11 R. 279); *Avery* v. *House,* 1 Circ. Dec. 468 (2 R. 247).

Erroneous charge. *West* v. *Knoppenberger,* 26 O. C. C. 168.

When all the evidence and the charge to the jury are made a part of the record by bill of exceptions, and the charge appears to be erroneous, the reviewing court, although no exception was taken, will consider whether the case was fairly tried. *Dollman* v. *Haefner,* 4 Circ. Dec. 290 (12 R. 721).

A special exception to the charge is not always necessary. *Baker* v. *Pendergast,* 32 Ohio St. 494 [30 Am. Rep. 620]; *Weybright* v. *Fleming,* 40 Ohio St. 52.

**Horstman & Horstman,** for defendants in error:

Admission of testimony to show feeling of unfriendliness, etc. Wigmore, Evidence Secs. 1714, 1715, 1800, 2207; *Sugden* v. *St. Leonards,* L. R. 1 P. D. 154; *Biles* v. *Holmes,* 11 Ired. 16; *State* v. *Howard,* 32 Vt. 380; *Travelers Ins. Co.* v *Mosley,* 75 U. S. (8 Wall.) 397 [19 L. Ed. 437]; *Elmer* v. *Fessenden,* 151 Mass. 359 [24 N. E. Rep. 208; 5 L. R. A. 724]; *Mutual Life Ins. Co.* v: *Hillmon,* 145 U. S. 285 [12 Sup. Ct. Rep. 909; 36 L. Ed. 706]; *Commonwealth* v. *Trefethen,* 157 Mass. 180 [31 N. E. Rep. 961; 24 L. R. A. 235]; *Bacon* v. *Charlton,* 61 Mass. (7 Cush.) 581; *State* v. *Hayward,* 62 Minn. 474 [65 N. W. Rep. 63]; *Day* v. *Stickney,* 96 Mass. 255; Abbott, Trial Ev. (2 ed.) Sec. 63, p. 147; *Kirkpatrick* v. *Jenkins,* 96 Tenn. 85 [33 S. W. Rep. 819]; Kinkead's Instruc. & Jour. Ent. 484; Page, Wills Sec. 423.

When the feeling of contestant towards testator is material, the declarations of the contestant expressing such feelings are admissible, even if it is not shown that the testator was informed of such declarations. Page, Wills 478, 507; *Stevens* v. *Leonard,* 154 Ind. 67 [56 N. E. Rep. 27; 77 Am. St. Rep. 446]; *Henderson* v. *State,* 105 Ala. 82 [16 So. Rep. 931]; *Burney* v. *Torrey,* 100 Ala. 157 [14 So. Rep. 685; 46 Am. St. Rep. 33]; *Eastis* v. *Montgomery,* 95 Ala. 486 [11 So. Rep. 204; 36 Am. St. Rep. 227]; *Higginbotham* v. *Higginbotham,* 106 Ala. 314 [17 So. Rep. 516]; *Manatt* v. *Scott,* 106 Iowa 203 [76 N. W. Rep. 717; 68 Am. St. Rep. 293]; *Denning* v. *Butcher,* 91 Iowa 425 [59 N. W. Rep. 69]; *King* v. *Holmes,* 84 Me. 219 [24 Atl. Rep. 819]; *McHugh* v. *Fitzgerald,* 103 Mich. 21 [61 N. W. Rep. 354]; *Merriman, In re,* 108 Mich. 454 [66 N. W. Rep. 372]; *Stewart* v. *Jordan,* 50 N. J. Eq. 733 [26 Atl. Rep. 706]; *Hindman* v. *Van Dyke,* 153 Pa. St. 243 [25

Atl. Rep. 772]; *Barney, In re,* 70 Vt. 352 [40 Atl. Rep. 1027]; *Slinger, In re,* 72 Wis. 22 [37 N. W. Rep. 236]; *Nash* v. *Railway,* 95 Wis. 327 [70 N. W. Rep. 293]; *Reynolds* v. *Adams,* 90 Ill. 134 [32 Am. Rep. 15]; *Carpenter* v. *Hatch,* 64 N. H. 573 [15 Atl. Rep. 219]; *Beaubien* v. *Cicotte,* 12 Mich. 459; *Harrel* v. *Harrel,* 62 Ky. (1 Duv.) 203; *Campbell* v. *Carnahan,* 13 S. W. Rep. 1098 (Ark.).

GIFFEN, J.

This was an action to set aside a will upon the grounds that the testatrix was not of sound mind and memory, and was unduly influenced.

The jury returned a verdict finding that the paper writing purporting to be the last will and testament of Mary Schoch, deceased, was not the valid last will and testament of the said Mary Schoch.

The judgment rendered upon this verdict is now sought to be reversed for the alleged error of the court in refusing to give the following special charge at the request of the plaintiffs in error:

"I charge you, that even if you should find from the evidence that Mary Schoch, deceased, during her lifetime was a believer in spiritualism, and did believe during her lifetime that she could have communication with spirits in the other world, that this would be no ground for the setting aside of her wishes in making a distribution of her property in her last will and testament."

The objection to this charge is, that it does not embrace all the facts brought out at the trial concerning the belief and practice of spiritualism by the testator, nor was there any pretense on the part of the defendants in error that any or all of the facts concerning spiritualism proved at the trial constituted the only ground for setting aside the will.

The charge, therefore, if given, would have been misleading, and we find no error in the refusal of the court to give the same to the jury.

It is also claimed that the court erred in its general charge and its comments upon the special written instructions given to the jury before argument, but no objection was interposed at the time and upon the whole record we think no prejudicial error resulted.

The next alleged error appears on pages 87 and 88 of the bill of exceptions. Barbara Deckham was permitted to testify over the objection of counsel for plaintiffs in error to declarations made to her by Lena Schoch, the wife of Frank Schoch, one of the plaintiffs in error:

"I was up there and I told the old lady what I think of her before she croaked." And, "Well, she won't eat a meal at my place; because if she had one she never would eat another." Also, "If I go to the

funeral I will wear red. I wore green at Mollie's funeral; I will wear red at her's."

Lena Schoch was not a party to the suit nor were the declarations made in the presence of any such party. These declarations were afterwards denied by Lena Schoch when called as a witness. It was clearly erroneous to admit them for the purpose of impeaching the witness without having first laid the ground for such impeachment. It seems, therefore, that the objection goes rather to the mode of proof than to its substance, and the plaintiffs in error were not prejudiced thereby.

We think the declarations were also admissible for the purpose of showing the state of mind of the speaker and as circumstantial evidence of her purpose and design in treating the testatrix during her last illness with apparent kindness and affection.

The plaintiffs in their petition allege that the testator was coerced into signing the will by the undue influence of Lena Schoch and others. Testimony was offered at the trial tending to prove that Lena Schoch and her husband, Frank Schoch, had neglected and avoided the testatrix for a long time prior to her last sickness; that when she became seriously sick they became unusually attentive and caused her to be removed from her own house to that of the defendant, Frank Schoch, and at a time when the testatrix was not in a fit condition to be moved, and when there was no occasion therefor other than to have her near them and under the same roof. When considered in connection with this testimony the declarations tended to prove the ill-will of Lena Schoch toward the testatrix, and, circumstantially, that her affection for the testatrix was apparent and not real.

The same objection may be here made to the order of proof as the declarations were first offered. Aside from the question of admissibility, the declarations themselves seem not to have been prejudicial. Although they were not made in the presence of the testatrix or otherwise communicated to her, she refused to take food or medicine from the hands of Lena Schoch until assured by the physician that they were harmless. She seems, therefore, to have possessed a mind clear enough to discern the acknowledged purpose of Lena Schoch, and a will strong enough to resist her influence. In any view of the case, therefore, although the court might properly have excluded the declarations at the time they were offered, their admission was not prejudicial error.

The objection to the testimony, on page 436 of the bill of exceptions, was addressed only to a preliminary question and answer and no objection was made at the trial to that which follows and is now complained

Hamilton County.

of for the first time. It will therefore not avail the plaintiffs in error.

The only other ground of error is, that the verdict is not sustained by sufficient evidence. After reading the voluminous bill of exceptions, we are not impressed with the great weight of the evidence urged by counsel for defendants in error, nor on the other hand, are we justified in holding that the verdict is manifestly against the weight of the evidence.

Judgment will, therefore, be affirmed.

**Jelke** and **Swing, JJ.,** concur.